IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARLENE PEREZ-MERINO, | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:24-CV-3027-K-BK |
| | § | |
| DALLAS COUNTY, ET AL., | § | |
| | § | |
| DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for judicial screening, including the entry of findings and a recommended disposition. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITH PREJUDICE** for failure to state a claim.

**I. BACKGROUND**

On December 3, 2024, Plaintiff Arlene Perez-Merino initiated this suit by filing a 112-page complaint against 32 defendants. Doc. 2. The complaint is disjointed, unorganized, and repetitive. More importantly, it is difficult to decipher Plaintiff's allegations.

As best the Court can glean, Merino attempts to sue the City of Dallas, the mayor, the chief of police, Dallas County, the Dallas County District Attorney's (DA's) Office, the Family Place (which helps victims of family violence), and many of their employees (including detectives, investigators, police officers, assistant DAs, victim advocates), asserting very general complaints of "discrimination, harassment, retaliation, and violations of her constitutional rights, underlining a consistent pattern of gross negligence and disregard for her safety and well-being."

Doc. 2 at 1-2, 16. Merino asserts Defendants did not fulfill their job responsibilities, which caused her substantial harm and mental distress as she suffers from PTSD, anxiety, and depression. Doc. 2 at 16-17; *see also* Doc. 2 at 17-26 (for background facts and summary of allegations). Merino seeks wide-ranging relief, including compensatory damages, policy changes, better training, investigations, disciplinary actions, a formal apology, implementation of protective measures, restitution, and support. *See*, *e.g.*, Doc. 2 at 26-28.

Along with the complaint Merino moved to proceed *in forma pauperis*. Doc. 3. In response to the deficiency order, she filed an amended motion to proceed *in forma pauperis*, which remains pending. Doc. 8. Merino also filed a motion to appoint counsel, which includes nearly 200 pages of exhibits—such as incidents report, medical records, and text and Facebook messages. Doc. 9; Doc. 9 at 3-4 (list of exhibits).

Upon review, the Court concludes that the complaint should be dismissed for failure to state a claim.[1]

**II. ANALYSIS**

Because Merino seeks leave to proceeding *in forma pauperis*, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for the sua sponte dismissal of a complaint, if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

---

[1] Because Plaintiff's motion to proceed *in forma pauperis* is insufficient for the Court to determine whether she could proceed *in forma pauperis*. It is more efficient to dismiss the complaint than to require compliance with the Court's filing requirements.

face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

      The analysis begins with the court's consideration of whether a party has complied with Rule 8 of the Federal Rules of Civil Procedure. *Twombly*, 550 U.S. at 557 (noting that Rule 12(b)(6)'s plausibility element derives from the threshold requirement of Rule 8(a) that the complaint "possess enough heft to show that the pleader is entitled to relief") (cleaned up). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than just allege legal conclusions or recite the elements of a cause of action. *Twombly*, 550 U.S. at 555 & n.3. Specifically, Rule 8 requires that a complaint (1) set forth a "short and plain statement of the claim showing that the pleader is entitled to relief" and (2) be "simple, concise and direct." FED. R. CIV. P. 8(a), (d). This serves two purposes. First, it "eliminate[s] prolixity in pleading and . . . achieve[s] brevity, simplicity, and clarity." *Gordon v. Green*, 602 F.2d 743, 746 (5th Cir. 1979) (citation omitted). Second, the requirements of Rule 8(a) compel litigants to file straightforward pleadings "so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *Hall v. Civ. Air Patrol, Inc.*, 193 Fed. Appx. 298, 299-300 (5th Cir. 2006) (quoting *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)). As aptly noted in *Garst*, "[f]ederal judges have better things to do, and the substantial subsidy of litigation . . . should be targeted on those litigants who take the preliminary steps to assemble a comprehensible claim." 328 F.3d at 378.

As discussed *supra*, Merino's complaint does not comply with Rule 8(a).  As an initial matter, the pleading is not direct or concise, as it is far lengthier than necessary to cogently state a legal claim.  Moreover, Merino's assertions do not even amount to "threadbare recitals" of the elements of any cause of action.  *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

The Court recognizes that *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers[.]"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, "[e]ven a liberally construed *pro se* . . . complaint . . . must set forth facts giving rise to a claim on which relief may be granted."  *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993).  Under the most liberal construction, the complaint fails to satisfy the standard imposed by Rule 8(a).

Simply stated, Merino's factual contentions are inadequate to support any cognizable claim.  Neither Defendants nor the Court are expected to scavenge through her 112-page complaint and over 200 pages of exhibits to discern whether there are relevant facts asserted and, if so, whether they possible support cognizable causes of action.  In sum, because Merino has failed to present more than "naked assertion[s]" devoid of "further factual enhancement," *Twombly*, 550 U.S. at 557, she has failed to plead a plausible claim.  Therefore, her complaint should be dismissed for failure to state a claim.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend her complaint before dismissal, but leave is not required when she has already pled her "best case."  *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009).  As discussed here, Merino has failed to state or suggest a cognizable claim or plead any facts from which a cognizable claim can be inferred.  Based on the most deferential review of her complaint, it is unlikely that, given the opportunity,

she could allege cogent and viable legal claims. Thus, granting leave to amend would be futile and cause needless delay.[2]

### IV. CONCLUSION

For all these reasons, Merino's action should be **DISMISSED WITH PREJUDICE** for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED** on January 24, 2025.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).

---

[2] Nevertheless, the 14-day statutory objection period will permit Merino to proffer any plausible factual basis for her complaint in compliance with Rule 8(a).